## PROSECUTION FOR NUISANCE.

[Circuit Court of Cuyahoga County.]

### E. C. TERRY v. STATE.

Decided, June, 1902.

*Nuisance—Manager of a Business from Which Nuisance Eminates May be Prosecuted Therefor—Creating and Maintaining a Nuisance —Not Affected by Section 6920, Relating to Continuance of Nuisance—Evidence as to Nuisance Existing Prior to the Time Charged —Motion to Strike Evidence from Stenographer's Notes—Right of and Demand for Trial by Jury.*

1. It is not error to deny a trial by jury to one accused of maintaining a common nuisance.
2. Where such nuisance results from the carrying on of a business, the manager of the business will be prosecuted therefor notwithstanding he has no ownership therein.
3. Section 6921, relating to the continuation of a nuisance after the prosecution therefor has been begun does not apply to a prosecution for creating and maintaining a nuisance, when the offense charged is not an additional offense.
4. Evidence in support of such a prosecution is inadmissible where it relates to the existence of the nuisance at times other than that charged in the information; but it is not prejudicial error to refuse to strike out the testimony of a witness who stated that she had been sick and that the odors complained of were the cause of her sickness, where from other and competent evidence the court might well have come to the conclusion reached below.
5. Where a trial is to the court without a jury, it will be presumed that no evidence was considered that was not competent, and a motion therefor will not lie to strike evidence from the notes of the stenographer.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

Heard on error.

The plaintiff in error was put upon trial and was convicted in the police court upon an information charging him with maintaining a common nuisance in the city of Cleveland from April 9, 1900, continuously to and including April 14, 1900, by carrying on the business in a certain building in said city, of heating and drying damp, wet and sour malt, thereby producing noisome and offensive smells, which were injurious to the health

and comfort of residents of the neighborhood in which such business was conducted.

On behalf of the plaintiff in error it is urged that there was error on the part of the trial court in that the demand of the accused for a trial by jury was denied.

The record shows that before any such demand was made the accused objected to the introduction of any evidence, and that such objection was overruled. Then followed the demand for a trial by jury. Though it was urged on the part of the state that this demand came too late because it was preceded bby an objection to the introduction of any evidence, we are not prepared to hold that the demand was not made in time, but we do hold that there was no error in refusing a jury trial.

The constitutional provision that "the right of trial by jury shall remain inviolate," has been repeatedly held not to enlarge or modify the right of trial by jury as it existed prior to the adoption of the Constitution.

In the case of *Inwood* v. *State*, 42 Ohio St., 186, there is a very full discussion in an opinion by Judge McIlvaine of the question now being considered, and, under the authority of that case and the cases there cited, we hold that the rights of the accused were not violated by the refusal to give him a jury trial.

It is further urged that the evidence wholly failed to establish the charge: (1) Because it is said that the accused was not the proprietor of, nor had he any interest in, the business which was being carried on at the place charged, and which is said to have caused the nuisance complained of. On this subject Terry himself testified that the business was being carried on by the Cleveland Grain Drying Company; that he had no interest in the business, but that he was an employe. On cross-examination, after he had testified that he was an employe, he was asked this question: "In what capacity?" To which he answered, "Tending to the business of the mill there."

Question. "Manager or superintendent?" Answer. "I have no superintendency; I merely receive so much salary a week."

Question. "Manager?" Answer. "Yes, I suppose so."

From this and the other evidence in the case, it is clear that

the accused was the party who managed the business for the proprietor, and if, in so managing the business the nuisance was created, we hold that he could not escape by reason of his having no ownership in the business.

Section 6921, Revised Statutes, provides that:

"Whoever erects, continues, uses or maintains any building, structure or place for the exercise of any trade, employment or business, or for the keeping or feeding of any animal, which, by occasioning noxious exhalations or noisome or offensive smells, becomes injurious to the health, comfort or property of individuals or the public * * * shall be fined not more than five hundred dollars."

To hold that where a business is so conducted as to make the proprietors of such business *guilty* under this statute, that the man who manages the business has charge of it and directs how it shall be carried on, is *not guilty,* would be to hold that one may create and maintain a nuisance without responsibility on his part, provided only that in so doing he is only the employe of somebody else. This does not accord with our understanding of the law.

It is further urged, however, that the evidence did not justify the finding, because it it said that to do so, it must have been shown that the nuisance continued for a period of not less than five days. Section 6920, Revised Statutes, on this same subject provides that:

"The continuance of any nuisance for five days after prosecution commenced therefor shall be deemed an additional offense."

A claim seems to be made on the part of the plaintiff in error that this prosecution is affected by this last mentioned section; but we find nothing in the record to show that there had been a prior prosecution, nor that this was charged as "an additional offense." Nor do we find from the reading of the statute, or from any authority to which our attention has been called or which has come under our notice, that a continuance for five days of such nuisance is necessary in order to warrant a con-

viction, and the claim of the plaintiff in error in this regard is not well taken.

It is further urged that the evidence fails to show that the business of which the accused was the manager produced "noisome and offensive smells" to the prejudice of the neighborhood or the public. The evidence in this regard is conflicting. Many of the witnesses testify that on some of the days between the ninth and fourteenth of April, 1900, the stench from this establishment was exceedingly offensive, and that it affected the atmosphere for a long distance from the place of business; and some of the witnesses testify that during this entire period charged in the information the smells coming from this establishment were in the highest degree offensive. True, others testify that the odors were much less offensive than the witnesses introduced on the part of the prosecution described them to be, but this was a matter for the trial court to determine under all the evidence, and we are not surprised at the conclusion reached, and can not disturb the finding in this regard.

Complaint is further made upon the exclusion by the trial court of evidence offered by the accused. This consists chiefly in the exclusion of evidence as to the existence of these offensive odors at times other than that charged in the information. We find no error in the exclusion of such evidence, nor in any of the rulings of the court upon questions of evidence, which would justify a reversal of the judgment.

As to the exclusion of evidence of the condition at times other than as charged in the information, counsel for the accused stated that he expected to prove that the conditions were exactly the same at such times as they were between the ninth and the fourteenth of April, but that would only be to show in a roundabout way what could as well be shown, if there were witnesses who knew, that the conditions were such between the ninth and fourteenth of April as that the offensive odors could not have been, or, in any event, were not produced.

Perhaps the rulings of the court during the testimony of Mary Phinnin, a witness on the part of the prosecution, are as objectionable to the plaintiff in error as any which were made during the trial. This witness testified that she had been sick

about the time that the offense is charged to have been committed. She was then asked by the prosecuting attorney this question:

"Were you sick between the ninth day of April this year and the fourteenth day of April?" (This being the time charged in the information).

This question was objected to by the accused; the objection was overruled, and the witness answered, "Yes." Then this question was asked:

"What kind of sickness did you have?"

This was objected to, the objection overruled, and an exception taken by the accused, and the witness answered:

"Sick at the stomach on account of the stink that comes from the mill—stomach trouble."

A motion was made to strike out this last answer. This motion is a little indefinite, because to merely strike out from the stenographer's notes testimony which has already gone to the trial court or the jury would not result in taking such testimony from the court or the jury. The law does not contemplate that either court or jury read what is written by the stenographer before passing upon the case. But this is a common form and, of course, *meant* that the court should not consider this evidence. The trial being to the court, it is to be presumed that no evidence was considered which was not competent. We are not prepared to say that it was not competent to show that this witness was sick (she lived in the immediate neighborhood of the establishment of which the accused was the manager) during the period covered in the information. We are not, however, prepared to say that it was competent for her to give the cause of such sickness, but we think no prejudice could have resulted to the accused by the failure of the court to grant the motion to eliminate the answer. From the evidence, which was clearly competent, the court might well have come to the conclusion at which it arrived in the case.

The judgment of the court of common pleas is affirmed.

*J. O. Winship,* for plaintiff in error.

*Police Prosecutor,* for defendant in error.